```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

ALFREDO SATO-AVITIA,           )
         Petitioner,           )
                               )   C.A. No. 04-40062-WGY
     v.                        )
                               )
U.S.A.,                        )
         Respondent.           )

                MEMORANDUM AND ORDER OF DISMISSAL

   For the reasons stated below, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is dismissed.

                            FACTS

   On April 28, 2004, petitioner Alfredo Sato-Avitia ("Petitioner or "Sato-Avitia"), an inmate at FMC Devens, filed a petition for a writ of habeas corpus under Section 2241, along with an application to proceed without prepayment of the filing fee.  The application to proceed without prepayment of the filing fee will be granted in a separate order.

   Based on the allegations in the petition, it appears that Sato-Avitia challenges the sentence imposed on him by the United States District Court for the Western District of Texas for an unspecified crime.  Petition p. 3.  He claims, among other things, that: (1) the sentencing court lacked jurisdiction to impose the sentence; (2) that he received a lengthier sentence in exchange for his guilty plea than was proper; and (3) there were general improprieties in other aspects of the manner in which he was convicted and sentenced.

Petition pp. 1, 4-5.

Petitioner states that he failed to appeal his conviction because his counsel did not advise him of his right to do so. Petition p. 3. It does not appear that petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 with the court which entered the judgment against him. Petition p. 2.

Petitioner seeks dismissal of all charges against him and money damages to compensate him for the length of his sentence. Petition p. 5.

## ANALYSIS

I. The Court May Screen This Action Pursuant to the Rules Governing Habeas Proceedings

Although Sato-Avitia brings this petition under Section 2241, the rules governing Section 2254 cases may be applied at the discretion of the district court to other habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 proceedings; Perez v. Hemingway, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001). Under Rule 4(b) of the Rules Governing Section 2254 Proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion. . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal." Rule 4(b); McFarland v. Scott, 512 U.S.

849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. 28 U.S.C. § 2243; Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

II. A Section 2241 Petition May Not Be Used To Challenge A Sentence

A petition pursuant to § 2241 is not the proper avenue for challenging a federal sentence. Rather, a motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on a federal sentence. See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence"). A motion pursuant to § 2255 encompasses claims (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; see Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999), cert. denied, 528 U.S. 1126 (2000) (citations omitted)

(motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself.").

In contrast, a petition filed pursuant to Section 2241 generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, types of detention and prison conditions.  See United States v. Barrett, 178 F.3d 34, 50 n. 10 (petitions pursuant to § 2241 generally attack the execution of a sentence); accord Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976) (same); cf. Gonzalez v. United States, 150 F. Supp. 2d 236, 242 (D. Mass. 2001) (§ 2241 petition is not the "appropriate vehicle" to challenge a sentence).

In this case, petitioner does not challenge the manner, location, or conditions of his sentence.  Rather, he challenges the jurisdiction of the court to impose the sentence, the length of the sentence imposed, the manner in which it was imposed, and other aspects of his conviction and sentencing.  In short, the petition attacks the validity of the imposition of the sentence, which is generally within the domain of a motion brought under Section 2255.  If

petitioner's claims are viable at all, his avenue of relief is only through Section 2255.  <u>Gonzalez v. United States</u>, 150 F. Supp. 2d at 242.  Accordingly, Sato-Avitia's petition is not appropriately brought under Section 2241, and it is therefore subject to dismissal.

Moreover, there appear to be no grounds in this case for the exceptional step of permitting petitioner to apply for a writ of habeas corpus under §2241 in lieu of filing a § 2255 motion in the sentencing court.  Section 2255 states that a petition for a writ of habeas corpus "shall not be entertained" if the petitioner has "failed to apply for relief, by motion [under § 2255], to the court which sentenced him...unless it also appears that the remedy by motion in inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  In this case, the petition indicates that Sato-Avitia has not filed a § 2255 motion in the court which sentenced him.  Similarly, petitioner has not alleged that he should be relieved of the requirement of filing a § 2255 motion because the remedy available thereby is "inadequate and ineffective to test the legality of his detention."  28 U.S.C. § 2255; <u>see</u> <u>Gonzalez v. United States</u>, 135 F. Supp. 2d 112, 121 (D. Mass. 2001) (petitioner has burden of showing his § 2255 remedy is inadequate).

III. **The Court Will Not Treat The Petition As One Brought Under Section 2255**

In certain circumstances, a claim improperly brought under Section 2241 may be treated by the Court procedurally as one brought pursuant to Section 2255. This is not appropriate in this case, however, because Sato-Avitia was sentenced in the United States District Court for the Western District of Texas, and therefore this Court lacks jurisdiction over any Section 2255 petition by Sato-Avitia. See 28 U.S.C. § 2255 (prisoner must file motion in court which imposed the sentence). Dismissal of the petition is therefore the most appropriate course of action. See Millan v. Parks, 18 F. Supp. 2d 144, 145-46 (D. P.R. 1998) (dismissing § 2241 petition when petitioner could not show why § 2255 remedy was inadequate or ineffective).

## CONCLUSION

Based upon the foregoing, the petition for a writ of habeas corpus under Section 2241 is dismissed.

SO ORDERED.

Dated at Boston, Massachusetts, this 3rd day of June, 2004.

                                       s/ William G. Young
                                   UNITED STATES DISTRICT JUDGE